UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES UPCHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-223 JCH |
| | ) | |
| COURTNEY TILLMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, seeks leave to proceed *in forma pauperis* in this civil action brought under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court will assess an initial partial filing fee of $21.00, which is twenty percent of plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b). Furthermore, for the reasons stated below, the Court will dismiss the complaint without prejudice.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff states in his Application to Proceed without Prepaying Fees or Costs that he has no income, no savings, and no property. ECF No. 3. However, the itemized inmate account statement that he filed on March 1, 2019, indicates average monthly deposits of $105 over the most recent six-month period. ECF No. 5. The Court will therefore assess an initial partial filing fee of $21.00, which is twenty percent of plaintiff's average monthly deposits.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim

for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, brings this action under 42 U.S.C. § 1983 against Justice Center employees Courtney Tillman and Warren Thomas. Plaintiff states that he received a violation at the Justice Center for damaging a mattress and that the Justice Center removed $125 from his inmate account in restitution. However, plaintiff alleges that he did not destroy the mattress. According to plaintiff, the mattress was already altered when he first received it, and he notified the officer on duty at the time. Caseworker defendant Courtney Tillman informed plaintiff of the mattress violation on January 18, 2019, and plaintiff responded that he wanted to file an IRR. Plaintiff asserts that Tillman never provided him with an IRR form but told him to write his IRR on a blank piece of paper, which plaintiff alleges that he did "over 9 times" but he has received no response. Plaintiff also alleges that he wrote and talked to Tillman's boss, Warren Thomas, and a grievance officer Bane about the situation, but he still has received no response. Plaintiff asserts that his "inmate rights" and his rights under the U.S. Constitution are being violated by "denying [him] the rights to a IRR, mental anguish, [as] well as excessive fines." ECF No. 1 at 5.

For relief, plaintiff seeks one hundred thousand ($100,000) dollars for the mental anguish this has caused him, including depression and panic attacks.

Plaintiff filed two letters with the Court, construed as supplements, after the filing of his complaint. In his first letter, plaintiff seeks to inform the Court on how staff have been "harassing" him due to his complaint filing – but none of his allegations involve Tillman or Thomas. ECF No. 4. Plaintiff describes how a correctional officer Archer refused to provide

him a meal on February 6. Plaintiff states that he filed an IRR about the missed-meal incident. Plaintiff also complains that being moved to a new wing "put his life in danger." However, for relief in his supplement, plaintiff states that he is not asking to be moved but that he "just don't want to deal with handcuffs and shackle all day that is uncomfortable" and that he "[j]ust wanted to let someone know what I was gone through in here." ECF No. 4 at 2. In his second supplement, plaintiff seeks to add two names to his "enemy" list and he provides an inmate account statement. ECF No. 5.

**Discussion**

Plaintiff's complaint alleges two main claims: an unfair prison violation resulting in a loss of $125, and a denial of his right to file an IRR and use the grievance process generally. He names two Justice Center employees in his complaint, Tillman and Thomas, and he sues both in their official capacities only. For the following reasons, plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff fails to state official capacity claims against the two defendants. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Tillman and Thomas are employees of the St. Louis City Justice Center. Plaintiff's complaint does not contain any allegations that a specific policy or custom of the Justice Center was responsible for the alleged violations of his rights.

Plaintiff's complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages. The PLRA states: "No Federal civil action may be

brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."); *but see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury). Plaintiff has claimed no physical injury arising out of the alleged violations of his constitutional rights. He seeks relief only for his "mental anguish." The PLRA bars recovery of compensatory damages in this action.

The facts alleged do not support a denial of the grievance process claim, and even if they did, such a claim is not actionable under § 1983. Plaintiff states that he was not given an IRR form, but he was allowed to write his grievance on blank paper. As to the meal-deprivation incident, plaintiff admits to having filed an IRR. Regardless, to the extent plaintiff seeks to bring a claim of denial of access to the grievance process or a claim for failure to follow prison policy, these claims fail. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). In addition, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

Finally, defendants Tillman and Thomas are not responsible for any violation of a constitutional right resulting from plaintiff's loss of $125. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Although Tillman is plaintiff's caseworker and she notified him of the mattress violation, Tillman was not present for the cell search where the destroyed mattress was discovered and she did not file the mattress violation against plaintiff. The same is true of defendant Thomas. Therefore, neither defendant was personally involved or directly responsible for plaintiff's $125 restitution payment for the mattress that he allegedly did not destroy.

Having carefully reviewed and liberally construed the complaint, the Court concludes that it fails to state any plausible or viable claim for relief. Plaintiff's complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $21.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of June, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE